**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

**-vs-**                                   **Case No. 6:14-cv-190-Orl-41GJK**

**FRAZER M. SPIVEY, DANNY R. FOWLER,**

                **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF UNITED STATES' MOTION FOR DEFAULT JUDGMENT (Doc. No. 13)** |
| **FILED:** | April 1, 2014 |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

**I. BACKGROUND.**

On February 5, 2014, the United States of America (the "Plaintiff") filed a complaint (the "Complaint") against Frazer M. Spivey and Danny R. Fowler (collectively, the "Defendants") seeking to reduce to judgment Spivey's unpaid federal income tax liabilities for tax years 2006 to 2008 and for a declaration that Spivey's federal tax liens attach to certain real property titled in the name of Fowler. Doc. No. 1. In Count I, with respect to Spivey's income tax liabilities, the

Complaint alleges that as of January 30, 2014, Spivey owes $212,158.74 plus penalties and interest that continue to accrue. Doc. No. 1 at 2-3.[1] In Count II, Plaintiff alleges that Spivey acquired title to the subject property, situated at 1716 Watrous Drive, Titusville, FL 32780, by warranty deed dated July 15, 2008. Doc. No. 1 at ¶ 13. On October 5, 2009, Plaintiff alleges that Spivey, who was otherwise insolvent at the time, transferred the subject property to Fowler by quit claim deed without consideration. *Id*. at ¶¶ 14-15, 17. Plaintiff contends that despite the purported transfer of the subject property to Fowler, Spivey remains the true owner of the property, the transfer constitutes a fraudulent conveyance under Florida law, or Spivey made the transfer with the intent to defraud the Plaintiff. Id. at ¶¶ 15, 17-18. Thus, Plaintiff seeks a declaratory judgment finding that Fowler holds the property as the nominee of Spivey, who is the true owner, or that the fraudulent conveyance be set aside as null and void; and that the federal tax liens against Spivey attach to all property and rights to Spivey's property, including the subject property. Doc. No. 1 at 6.

On February 21, 2014, Defendants were personally served with the summons and a copy of the Complaint. Doc. Nos. 8-9. Defendants did not respond to the Complaint. On March 25, 2014, defaults were entered against the Defendants. Doc. Nos. 11-12. On April 1, 2014, Plaintiff filed the present Motion for Default Final Judgment (the "Motion") pursuant to Rule 55(b), Federal Rules of Civil Procedure. Doc. No. 13.

In the Motion, with respect to Spivey's tax liens, Plaintiff states that a delegate of the United States Department of the Treasury assessed against Spivey the income tax Spivey

---

[1] Plaintiff alleges that on October 20, 2010, Spivey filed untimely federal income tax returns for the years 2006, 2007, and 2008, but he failed to pay the taxes owed on those returns. Doc. No. 1 at ¶ 8. In 2010, the Plaintiff assessed the respective tax liens on Spivey, provided him with notice of the assessments, and demanded payment. *Id*. at ¶¶ 9-10.

reported on his federal income tax returns for 2006 through 2008, plus applicable penalties and interest. Doc. No. 13 at 2. Subsequently, Defendant provided Spivey with notice of the assessments and demanded payment. Id. at 3. Defendant alleges that as of March 26, 2014, Spivey owes $213,040.05 on the assess income tax liabilities, plus penalties and interest, which continue to accrue. Doc. No. 13 at 3. In support of the Motion, Defendant attaches the affidavit of Revenue Officer Mawucko T. Ackey and certified copies of the tax assessments. Doc. Nos. 13-1 at 2-24.

With respect to Plaintiff's request for declaratory judgment in Count II, Plaintiff raises several theories under which it is entitled to relief. Doc. No. 7-13. First, Plaintiff argues that Fowler holds title to the subject property merely as Spivey's nominee and, therefore, Spivey's federal tax liens attach to the subject property. Doc. No. 13 at 7-10.[2] More specifically, Plaintiff maintains that Fowler is merely Spivey's nominee because Spivey: (1) continues to exercise dominion and control over the property by residing there; (2) pays the expenses of the subject property; (3) Spivey should have anticipated collection activity on his unpaid federal income tax liabilities at the time of the conveyance; (4) received no consideration from Fowler for the subject property; and (5) has a close relationship with Fowler as his life partner. Doc. No. 13 at 9. Second, Plaintiff argues that the purported transfer is a fraudulent conveyance under Section 726.106, Florida Statues, because the transfer was made after the Defendant's claim arose and the transfer was made without Spivey receiving reasonable equivalent value, while Spivey was otherwise insolvent. Doc. No. 13 at 10-11 (citing Fla. Stat. § 726.106(1)). Finally, Plaintiff

---

[2] Plaintiff contends that federal common law applies to determining whether Fowler is Spivey's nominee because Florida does not have a bright-line test for determining nominee ownership. Doc. No. 13 at 8 (citing *United States v. Ippolito*, 838 F. Supp. 2d 1287, 1391 (M.D. Fla. 2012); *United States v. Dornbrock*, 2008 WL 769064, at *4 (S.D. Fla. Jan. 17, 2008)).

argues that the transfer should be set aside based on actual fraud under Section 726.105(1)(a), Florida Statutes, because Spivey made the transfer with the actual intent to defraud Plaintiff. Doc. No. 13 at 11-13. In support, Plaintiff attaches the affidavit of Revenue Officer Ackey, and copies of the warranty and quit claim deed, which shows that Spivey transferred the subject property to Fowler for $10.00. Doc. Nos. 13-1 at 2-6, 26-27, 32. Based on the foregoing, Plaintiff requests an entry of default final judgment against Defendants. Doc. No. 13 at 13. Despite being served with the Motion, Defendants have failed to respond to the Motion.[3]

## II. ANALYSIS.

When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default. Fed.R.Civ.P. 55(a). The mere entry of a default by the Clerk does not in itself warrant the entry of a default judgment by the Court. Rather, the Court must find that there is a sufficient basis in the pleadings for the judgment to be entered. *Nishimatsu Construction v. Houston National Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4] A default judgment has the effect of establishing as fact the plaintiff's well-plead allegations of fact, and bars the defendant from contesting those facts on appeal. *Buchanan v. Bowman*, 820 F.2d 39, 361 (11th Cir. 1987) (*citing Nishimatsu*, 515 F.2d at 1206). "As a general rule, the court may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits." *DirecTV, Inc. V. Huynh*, 318 F. Supp.2d 1122,

---

[3] The Motion was served on Defendant by First-Class mail. Doc. No. 13 at 15.

[4] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted all cases decided by the former Fifth Circuit before October 1, 1981.

1129 (M.D. Ala. 2004).

Pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, the Court may enter default judgment against Defendants. The facts alleged in the Complaint and the Motion's supporting affidavit and documents are sufficient to establish that Spivey owes the United States $213,040.05 as of March 26, 2014, plus interest and penalties that continue to accrue for Spivey's assessed but unpaid federal income tax liabilities for 2006 through 2008. *See* Doc. Nos. 1 at ¶¶ 8-10; 13-1 at 2-4, 8-20, 29-30, 34-35. Moreover, the facts alleged in the Complaint, along with Revenue Officer Ackey's affidavit and quit claim deed, demonstrate that Plaintiff is entitled to a declaration under all theories that Spivey's federal liens, plus interest and penalties that continue to accrue, attach to all property and rights to property of Spivey, including the subject property notwithstanding the purported transfer to Fowler. *See* Doc. Nos. 1 at ¶¶ 11-18; 13-1 at 4-6, 32, 34-35.

### III. CONCLUSION.

Based on the forgoing, it is **RECOMMENDED** that the Court:

1. **GRANT** the Motion (Doc. No. 13);
2. Direct the Clerk to enter a default judgment in favor of the Plaintiff as follows:
    a. Count I – $213,040.05, plus interest and penalties that continue to accrue against Spivey;
    b. Count II – A declaratory judgment against Spivey and Fowler finding that Fowler acquired title to subject property, located at 1716 Watrous Drive, Titusville, FL 32780, by fraudulent conveyance, Fowler holds title as Spivey's nominee, Spivey is the true owner of the subject property, and the federal tax

liens, reduced to judgment above, against Spivey attach to the subject property; and

3. Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida on September 22, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party by Certified Mail