UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.                                                      Case No:  6:14-cv-190-Orl-41GJK

**FRAZER M. SPIVEY and DANNY R. FOWLER,**

      **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's, the United States of America, Motion for Default Judgment (Doc. 13) filed on April 1, 2014. United States Magistrate Judge Gregory J. Kelly submitted a Report and Recommendation on September 22, 2014, recommending that this Court grant the Motion for Default Judgment. (Doc. 15, at 5–6). Specifically, Judge Kelly recommends that this Court: (1) enter judgment in favor of Plaintiff and against Defendant, Frazer M. Spivey, in the amount of $213,040.05 and (2) declare that Plaintiff's tax lien[1] attaches to real property located at 1716 Watrous Drive, Titusville, Florida 32780 (the "Property"). (*Id.*).

After an independent *de novo* review of the record and noting that no objections were timely filed, this Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. Notably, in Count II of the Complaint, Plaintiff seeks a declaration that the

---

[1] Plaintiff acquired a tax lien on all of Mr. Spivey's property following Mr. Spivey's failure to satisfy the 2010 assessments of federal tax liability made by a delegate of the Secretary of the Treasury. (Compl., Doc. 1, at 3–4); *see also* 26 U.S.C. § 6321 ("If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.").

tax lien against Mr. Spivey attaches to the Property, which was previously transferred by quitclaim deed from Mr. Spivey to Mr. Fowler. (Compl., Doc. 1, at 3–6).[2] In support, Plaintiff relies on three different theories. (*See* Mot. Default J. at 7–13).

Under at least one theory, the tax lien attaches to the Property. Particularly, "[a] taxpayer's federal tax lien attaches to any interest [the taxpayer] hold[s] in property, including property held by a nominee." *United States v. Ippolito*, 838 F. Supp. 2d 1287, 1291 (M.D. Fla. 2012). "A nominee holds bare legal title to property for the benefit of another." *Id.* In determining whether property is being held by a nominee, courts look to several factors:

> (1) [W]hether the taxpayer exercised dominion and control over the property; (2) whether the property of the taxpayer was placed in the name of the nominee in anticipation of collection activity; (3) whether the purported nominee paid any consideration for the property, or whether the consideration paid was inadequate; (4) whether a close relationship exists between the taxpayer and the nominee; and (5) whether the taxpayer pays the expenses (mortgage, property taxes, insurance) directly, or is the source of the funds for payments of the expenses.

*United States v. Dornbrock*, No. 06-61669-CIV, 2008 WL 769065, at *5 (S.D. Fla. Jan. 17, 2008), *aff'd per curiam*, 309 F. App'x 359 (11th Cir. 2009). As noted in the Report and Recommendation, (Report & Recommendation at 3), the well-pleaded allegations of the Complaint establish that Mr. Spivey resides at the Property, pays certain expenses of the Property, has a close relationship with Mr. Fowler, and received insufficient consideration for the transfer of the Property. (Compl. at 5). Thus, Mr. Fowler is Mr. Spivey's nominee with regard to the ownership of the Property, and the tax lien attaches to the Property.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

---

[2] The original document does not contain page numbers. Therefore, pinpoint citations refer to the electronic page numbers.

1. The Report and Recommendation (Doc. 15) submitted on September 22, 2014, is **ADOPTED** and **CONFIRMED** and made a part of this Order.

2. Plaintiff's Motion for Default Judgment (Doc. 13) filed on April 1, 2014, is **GRANTED**.

3. The Clerk is directed to enter a judgment in favor of Plaintiff and against Mr. Spivey in the amount of $213,040.05, plus penalties and interest that continue to accrue. The judgment shall also declare that Plaintiff's tax lien attaches to the Property, which is located at 1716 Watrous Drive, Titusville, FL 32780.

4. After the entry of judgment, the Clerk shall close this case.

**DONE** and **ORDERED** in Orlando, Florida on October 30, 2014.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record